**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| NORBERTO VEGA, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>IVELEY, LLC,<br><br>Defendant. | Civil Action No. 25-03769 (JXN)(JRA)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before this Court is Defendant Iveley, LLC's ("Defendant") motion to dismiss the Class Action Complaint ("Complaint") filed by Plaintiff Norberto Vega ("Plaintiff"), on behalf of himself and all others similarly situated, for lack of standing and failure to state a claim pursuant to Federal Rules of Civil Procedure[1] 12(b)(1) and 12(b)(6). (ECF No. 9.) Plaintiff opposed the motion. (ECF No. 13.) Defendant did not file a reply. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has carefully considered the Complaint and the parties' submissions and decides this matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I.     **BACKGROUND**

   A.  **Factual Background**[2]

---

[1] "Rule" or "Rules hereinafter refer to the Federal Rules of Civil Procedure.

[2] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff is a legally blind, visually impaired person who uses screen-reading software, such as NonVisual Desktop Access ("NVDA"), to access the internet. (Compl. ¶¶ 14, 30, 38, ECF No. 1.) Defendant owns and operates www.surrealcreamery.com (the "Website"), through which customers may browse Defendant's offerings and place online orders for ice cream. (*Id*. ¶¶ 35–37.)

Plaintiff attempted to access the Website multiple times, most recently on January 20, 2025, from his home, using NVDA to place an online ice cream order. (*Id*. ¶¶ 19, 39–40.) The Website was not accessible to screen-reader users, preventing Plaintiff from experiencing the site as sighted users do. (*Id*. ¶¶ 40, 45.) Plaintiff identified several accessibility issues, including missing alternative text, hidden page elements, poorly formatted lists, unannounced pop-ups, unclear labels for interactive features, and functions that only work with a mouse. (*Id*. ¶ 41.)

Plaintiff alleges the Website is a public accommodation under the ADA and that Defendant discriminated against blind and visually impaired individuals by failing to make the Website accessible. (*Id*. ¶¶ 4, 51, 64–71.) Plaintiff cites version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"), published by the World Wide Web Consortium, as a well-established standard that many large organizations follow to ensure their websites are accessible. (*Id*. ¶ 32.) Plaintiff contends that Defendant's failure to comply with WCAG 2.1 constitutes intentional discrimination under the ADA. (*Id*. ¶ 51.)

Finally, Plaintiff alleges that he intends to revisit the Website if it is made accessible. (*Id*. ¶ 46.)

## B. Procedural Background

Plaintiff commenced this putative class action on May 2, 2025. (*See id*.) In the Complaint, Plaintiff asserts two causes of action on behalf of himself and a proposed nationwide class:

2

violations of the ADA, 42 U.S.C. § 12182 *et seq.* (Count I); and declaratory relief under the ADA (Count II). (*Id*. ¶¶ 58, 64–74). Plaintiff seeks to represent "all legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services during the relevant statutory period." (*Id*. ¶ 58.) He seeks injunctive and declaratory relief, nominal damages, pre- and post-judgment interest, and attorneys' fees and costs. (*Id*. at 17–18.)

On September 5, 2025, Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6).[3] (ECF No. 9.) Plaintiff opposed the motion on October 6, 2025. (ECF No. 13.) Defendant filed no reply. Accordingly, the motion is ripe for disposition.

## II.  **LEGAL STANDARD**

### A.  **Fed. R. Civ. P. 12(b)(1)**

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A motion to dismiss for want of standing is ... properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007)). A party can move to dismiss for lack of subject matter jurisdiction at any time. *Little v. W. Orange Sch. Dist.*, No. 23-402, 2024 WL 3858122, at *3 (D.N.J. Aug. 19, 2024). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the

---

[3] The Court notes that Defendant's first motion to dismiss the Complaint was filed on July 31, 2025. (*See* ECF No. 4.) However, the Court administratively terminated that motion because Defendant failed to submit the pre-motion letter required by the Court's Individual Rules and Procedures. (*See* ECF No. 5.) Subsequently, after the parties engaged in pre-motion practice (ECF Nos. 7, 8), the Court granted Defendant's pre-motion request and instructed it to file its proposed motion to dismiss. (ECF No. 8.)

motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, . . . apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A "facial attack" asserts that the "plaintiff did not properly plead jurisdiction," whereas a "factual attack" involves an argument that "jurisdiction is lacking on the basis of facts outside of the pleadings . . . ." *Smolow*, 353 F. Supp. 2d at 566 (citing *Mortensen*, 549 F.2d at 891). Motions to dismiss for lack of standing are best understood as facial attacks. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("Defendants' Rule 12(b)(1) motions are properly understood as facial attacks because they contend that the [a]mended [c]omplaints lack sufficient factual allegations to establish standing."). In a "facial … attack", the court must "'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). When a party has yet to answer the Complaint or engage in discovery, the motion to dismiss is a facial attack on the Court's subject matter jurisdiction. *See Askew v. Trustees of the Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial"). The plaintiff bears the burden of proving proper subject matter jurisdiction. *Davis*, 824 F.3d at 346 (citation modified). Additionally, "[i]n the class action context, the standing inquiry focuses solely on the class representatives." *In re Valsartan, Losartan, and Irbesartan Prods. Liab. Litig. (Valsartan II)*, No. 2875, 2021 WL 100204, at *5 (D.N.J. Jan. 12, 2021) (citing *Mielo v. Steak'n Shake Operations, Inc.,* 897 F.3d 467, 478 (3d Cir. 2018)).

### B. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the

4

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III.   <u>DISCUSSION</u>

Plaintiff's ADA claims arise from Defendant's alleged failure to design, construct, maintain, and operate its Website to be fully accessible and independently usable by Plaintiff and other blind or visually impaired people. (Compl. ¶ 4.)

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1), arguing that Plaintiff lacks standing because Plaintiff has not alleged a concrete injury-in-fact. (Def.'s Mot. Br. 9–17, ECF No. 9.) Defendant also moves to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff's claims relate only to the Website, which Defendant contends is not a public accommodation under

5

the ADA. (*Id*. at 17–18.) In opposition, Plaintiff contends that the allegations in the Complaint sufficiently show an injury-in-fact, and that the Website qualifies as a public accommodation because it has a nexus to a physical place. (Pl.'s Opp'n Br. 4–11, ECF No. 13.) As discussed below, because Plaintiff fails to state a claim under the ADA, the Court will dismiss the Complaint without prejudice and will not consider the Article III standing issues at this time.

"Under Title III of the ADA, it is unlawful for a public accommodation to discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 164 (3d Cir. 2006). To establish a public-accommodation claim under the ADA, a plaintiff must show that (1) he is disabled, (2) the complained-of venue is a "public accommodation" under Title III of the ADA, and (3) the venue unlawfully discriminated against the plaintiff on the basis of his disability by failing to make a reasonable modification that was necessary to accommodate his disability. *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019).

Further, although the Court of Appeals for the Third Circuit has yet to directly address whether a website can be considered a "place of public accommodation," it has "taken the position that the term is limited to physical accommodations." *Peoples v. Discover Financial Serv., Inc.*, 387 Fed. Appx. 179, 183 (3d Cir. 2010) (citing *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998)); *see also Demetro v. Nat'l Ass'n of Bunco Investigations*, No. 14-6521, 2019 WL 2612687, at *15 (D.N.J. June 25, 2019) ("[I]n the context of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 ('ADA'), the term 'public accommodation ... is limited to physical accommodations.") (quoting *Peoples*, 387 F. App'x at 183); and *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 483 (D.N.J. 1998) ("the Third Circuit has recently

held, and quite rightly, that a public accommodation within the meaning of 42 U.S.C. § 12181(7) is a physical place.") (citing *Ford*, 145 F.3d at 612). In order to satisfy this requirement, the Third Circuit has "required at the very least some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner." *Menkowitz v. Pottstown Memorial Med. Cntr.*, 154 F.3d 113, 120 (3d Cir. 1998) (citing *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997) (*en banc*)). Thus, district courts within the Third Circuit have held that a website can count as a "public accommodation" when there is a nexus between the website and a physical location. *See Murphy v. Spongelle LLC*, 716 F. Supp. 3d 358, 364-65 (W.D. Pa. 2024), *reconsideration denied,* No. 23-00079, 2024 WL 757129 (W.D. Pa. Feb. 23, 2024); *Herrera v. Nike, Inc.*, No. 23-02947, 2024 WL 3159295, at *3 (D.N.J. June 25, 2024); *Walker v. Sam's Oyster House, LLC*, No. 18-193, 2018 WL 4466076, at *2 (E.D. Pa. Sept. 18, 2018); *Tawam v. APCI Fed. Credit Union*, No. 18-00122, 2018 WL 3723367, at *7 (E.D. Pa. Aug. 6, 2018).

For the Website to be subject to the ADA, it must have a "nexus" to a physical public accommodation. *Menkowitz*, 154 F.3d at 120. To establish this nexus, Plaintiff must allege "an injury suffered in relation to the place of public accommodation." *Walker*, 2018 WL 4466076, at *2. Here, the Complaint's allegations are limited to the Website's access barriers and do not link these to any specific physical location owned by Defendant. (*See generally* Compl.) In fact, the only mention of a physical location in the Complaint is that the Website allows customers to "peruse the numerous services and location of the Defendant." (Compl. ¶ 36.) Therefore, the Complaint fails to establish a nexus between a physical place of public accommodation owned by Defendant and the goods or services that Defendant has allegedly denied Plaintiff in a discriminatory manner. As "Third Circuit law does not allow for a free-standing [ADA] challenge to the visual accessibility of a website, separate from a connection to something in the real, brick-

7

and-mortar world," Plaintiff's Complaint fails to state a claim under Title III of the ADA. *Herrera v. TJX Companies Inc.*, No. 23-04185, 2025 WL 2483960, at *1 (D.N.J. Aug. 28, 2025); *see also Nike, Inc.*, 2024 WL 3159295, at *2 ("A plaintiff whose claims have no nexus to the physical place of operation of the defendant's business cannot be discriminated against in connection with a public accommodation."); *Herrera v. Humana, Inc.*, No. 23-11948, 2024 WL 3841467, at *2 (D.N.J. Aug. 15, 2024) (collecting cases). As a result, Count I is dismissed.

Additionally, although the Complaint asserts Plaintiff's request for declaratory relief as a second cause of action (Compl. ¶¶ 72–74), "declaratory relief is a remedy, not an independent cause of action." *Shulman v. McDonald's USA, LLC*, No. 25-2327, 2025 WL 1640267, at *1 n.1 (D.N.J. June 10, 2025) (citing *Neuss v. Rubi Rose, LLC*, No. 16-2339, 2017 WL 2367056, at *9 (D.N.J. May 31, 2017)); *see also Kabbaj v. Google Inc.*, 592 F. App'x 74, 75 n.2 (3d Cir. 2015) (upholding dismissal of a claim seeking declaratory and injunctive relief because "declaratory and injunctive relief are remedies rather than causes of action"); *Cole v. NIBCO, Inc.*, No. 13-7871, 2015 WL 2414740, at *15 (D.N.J. May 20, 2015) (stating that "declaratory relief and injunctive relief, as their names imply, are remedies, not causes of action"); *Lee Dodge, Inc. v. Kia Motors Am., Inc.*, No. 10-5939, 2011 WL 3859914, at *1 n.1 (D.N.J. Aug. 31, 2011) (rejecting counts for declaratory and injunctive relief because they "are not substantive claims but rather requests for remedies"). Therefore, because Count II of the Complaint seeks declaratory relief under the ADA, the entire Complaint is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 9) is **GRANTED**. The

Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. An appropriate Order accompanies

this Opinion.


**DATED**:  6/29/2026

                                                               _____
                                                               **JULIEN XAVIER NEALS**
                                                               **United States District Judge**

9